The People *v.* Duffy.

---

SAME TERM. *Before the same Justices.*

THE PEOPLE *vs.* DUFFY.

After a person has been convicted, under the acts relative to *disorderly persons*, and committed to prison in default of sureties for good behavior, and a record of conviction has been *made and signed*, (though not filed,) the committing magistrate has no power, acting singly, to discharge the prisoner, or to take a recognizance for his good behavior.

The final commitment of the prisoner, after the record of conviction has been made and signed, completely exhausts the power of the magistrate, and ousts him of jurisdiction to take a recognizance.

ERROR to the New-York common pleas. The action was debt on a bond or recognizance entered into by Dennis Daly, and P. Duffy as surety, in the penalty of $500. The suit was against the latter only. The recognizance was taken before James Hopson, one of the special justices in the city of New-York, on the 18th of May, 1838, and recited that Daly had been duly convicted of being a disorderly person, that is to say,

a person who had neglected to provide for his wife, according to his means, for the last seven years. The condition was that Daly should be of good behavior for the space of one year. The breach assigned was that since the giving of the recognizance, to wit, on the 30th of May, 1838, Daly had further neglected to provide for his wife, but had abandoned her, and therein had not been of good behavior to her, &c. nor had he paid the said sum of $500, whereby an action had accrued to the plaintiffs according to the provisions of the revised statutes entitled " Of disorderly persons," fifth title, twentieth chapter, first part, and of the act entitled " An act relative to the powers of the common council of the city of New-York, and of the police and criminal courts of the said city," passed Jan. 23, 1833, to demand and have of the said defendant the sum of $500, &c. The defendant pleaded *nul tiel record*, and several special pleas. In his sixth plea, the defendant alleged, in substance, that before the making of the alleged recognizance, Daly was brought before the said James Hopson, upon a warrant issued by him, for examination, on a charge of being a disorderly person ; and upon that examination it appeared to the said special justice, by competent testimony, that Daly was a disorderly person, and he convicted him of the charge, and required him to give sureties in the sum of $500 for his good behavior for one year ; that Daly made default in finding such sureties ; and that the said special justice, before the making of the pretended recognizance, *made up, signed* and *filed* in the office of the county clerk, a *record* of the conviction of Daly, specifying generally the nature and circumstances of the offence ; and that the said special justice did then and there, by warrant under his hand duly made, commit the said Daly to jail, there to remain until such sureties should be found, or until he should be discharged according to law. That after the making up, and filing, of such record of conviction, and after such commitment, and after Daly had been and whilst he was, in actual custody in jail in pursuance of the conviction and commitment, the said James Hopson, as such special justice, solely and without the concurrence or action of any other jus-

tice, did, on pretence of an authority derived from such conviction and commitment, exact and take from Daly and the defendant the said pretended recognizance, &c. ; concluding with a verification. To this plea the plaintiffs replied, that the record of conviction *was not filed* in the clerk's office, before the making of the recognizance in the declaration mentioned. The defendant demurred to the replication ; and the common pleas gave judgment for the defendant; whereupon the plaintiffs brought a writ of error.

*John McKeon,* for the plaintiffs.

*C. O'Conor,* for the defendant.

*By the Court,* HURLBUT, P. J.   The magistrate before whom Daly was brought, under the provisions of the laws of 1833, page 11, section 7, and the revised statutes, volume 1, pages 638, 639, adjudged and determined that he was a disorderly person, and required that he should give sureties in the sum of $500, for his good behavior for one year.   Daly having made default in finding such sureties, the magistrate made up and signed a record of conviction, specifying the nature of the offence committed by Daly, which was, that he had neglected to provide for his wife according to his means, for the space of seven years. This record was not filed in the county clerk's office according to the provisions of the second section of title 5, chapter 20, part 1, of the revised statutes, concerning disorderly persons; but the magistrate, nevertheless, pursuant to the conviction, by his warrant committed Daly to the common jail of the city of New-York, there to remain until the requisite sureties should be found, or until he should be discharged according to law.   The magistrate, after this conviction and commitment, and while Daly was in actual confinement in pursuance thereof, on pretence of authority derived therefrom, took from Daly and the defendant Duffy the recognizance which is the subject of this suit.   The defendant objects, that under these circumstances, the recognizance was taken without authority and is void.

The People *v.* Duffy.

In our judgment the magistrate lost all jurisdiction of the matter when he signed the record of conviction and issued the warrant of commitment; but if this were questionable, we do not entertain a doubt that such jurisdiction ceased when the warrant was executed. After this, the committing magistrate had no power to discharge Daly, and no authority to receive a recognizance, which could only be taken as a condition of his discharge, by two magistrates. (1 *R. S.* 639, § 6. 2 *id.* 705, § 14.) The justice violated his duty in not filing the record of conviction, before issuing the warrant of commitment; but he did not thereby retain jurisdiction of the subject matter of the complaint, which he had completely adjudged and determined, nor of the person of the prisoner, whom he had finally committed to prison. In substance and effect he had exercised the whole power conferred on him by statute, and all further dealing with the prisoner and his case was thenceforth devolved on other officers or tribunals.

In the case of *The People* v. *Brown,* (23 *Wend.* 47,) the defendant had not been actually committed to prison before the recognizance was taken, but the record of conviction was alleged to have been made up, signed and filed; and the court held that after this the justice lost all power singly to take the recognizance; that the power was then devolved on two magistrates. In the present case, we are of opinion that the final commitment, after the record of conviction was made and signed, (though not filed,) completely exhausted the power of the officer, and ousted him of jurisdiction to take the recognizance.

The judgment of the common pleas must be affirmed.