## STATE v. CANNON.

AFTER JUDGMENT HAS BEEN RENDERED AGAINST A PRISONER AND HE HAS BEEN COMMITTED to jail thereunder, the court has no power, even during the same term, to revise such judgment and increase the sentence imposed.

APPEAL from Marion County.

*N. B. Knight*, for the appellant.

*W. H. Holmes, district attorney*, for the respondent.

By the Court, LORD, J.:

The only question to be determined in this case is, Could the court legally impose the judgment and sentence under

which the defendant is now imprisoned? The record discloses that the defendant was indicted for an assault with a dangerous weapon, to which he had entered a plea of not guilty; that subsequently, and by consent of the court, he was permitted to withdraw that plea, and enter the plea of guilty of an assault, upon which the court rendered judgment against the defendant that he pay a fine of fifty dollars and expenses of the action, and that he be committed to the custody of the sheriff of said county until said fine be paid; that in pursuance of said judgment, the defendant was taken into custody by the sheriff and committed to the county jail; that thereafter, but on the same day, upon an order of said court, the defendant was brought from said jail into said court, when the court proceeded again to pass sentence and judgment against him, "that he pay a fine of two hundred dollars, and the costs and expenses of the action, and that he stand committed until said fine be paid," against the objection of said defendant that he had already been committed to jail under the judgment of said court, and that the court could not render another judgment against him upon said plea of guilty under the proceedings then before it. We are only called upon to determine this case upon the record certified to us. That record shows that the defendant was duly committed to jail by the sheriff under the first judgment of conviction, and was then undergoing punishment on account of it, when he was again brought before the court and another judgment rendered against him by virtue of the same proceedings, and under which he is now held. The fact that the last judgment was such as did not exceed the limit fixed for the crime is not material here. The question here is, Could the court revise its judgment and increase the sentence imposed, although during the same term, after its original judgment had gone

into effect? It is clear upon authority that this can not be done. Where a sentence had been passed upon a defendant and the judgment has gone into effect by commitment of the defendant under it, the court has done all that it had the legal power to do under the proceedings in that case. (*Commonwealth* v. *Wymouth*, 2 Allen, 144; *Brown* v. *Rice*, 57 Me., 56; *The People* v. *Duffy*, 5 Barb., 205.) We are therefore of the opinion that the last judgment was illegally imposed, and can not be enforced, but that the first was legal and should be executed.