Argued and submitted January 8, decision of the Court of Appeals reversed; misdemeanor sentences in 91-930-CR, 91-931-CR, and 91-932-CR reversed; felony sentences in 91-930-CR reversed and that case remanded to the circuit court for resentencing June 27, 1996

STATE OF OREGON,
*Respondent on Review,*

*v.*

ROSS STERLING SMITH,
*Petitioner on Review.*

(CC 91-930-CR, 91-931-CR, 91-932-CR;
CA A82945 (Control), A82946, A82947; SC S42346)

918 P2d 824

Wayne Mackeson, Portland, argued the cause and filed the brief for petitioner on review.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Carson, Chief Justice, and Gillette, Fadeley, Unis, Graber, and Durham, Justices.**

** Van Hoomissen, J., did not participate in this decision.

GILLETTE, J.

### GILLETTE, J.

In these three criminal cases, consolidated for the purposes of appeal, defendant was convicted of the following sexual offenses: Rape I, Sodomy I, and Attempted Sexual Abuse II (case 91-930-CR); Attempted Sexual Abuse I and Sexual Abuse II (case 91-931-CR); and Attempted Sexual Abuse II and three counts of Sexual Abuse II (case 91-932-CR). He initially was sentenced consecutively on the Rape I and Sodomy I counts in 91-930-CR, but concurrently on the remaining misdemeanor counts in all three cases. On appeal, the state conceded that the trial court had made errors in several of the sentences. The Court of Appeals affirmed all the convictions, affirmed petitioner's three sentences for Sexual Abuse II in 91-932-CR, and otherwise remanded all three cases for resentencing. *State v. Smith*, 116 Or App 558, 842 P2d 805 (1992), *adhered to* 120 Or App 438, 852 P2d 934 (1993). The issues in the present proceeding arise out of the sentencing court's disposition of the cases on remand.

On remand, the sentencing court reduced the length of each sentence, but imposed them consecutively (even though all but the Rape I and Sodomy I convictions previously had been applied concurrently). Considering the nature of the consecutive and concurrent sentences, petitioner originally had been sentenced to a total of 120 months. On resentencing, defendant concedes that the total was 102 months. On a second appeal to the Court of Appeals, that court affirmed without opinion. *State v. Smith*, 133 Or App 260, 890 P2d 456 (1995).

Petitioner requested, and this court allowed, review with respect to two issues:

1) Whether the sentencing court exceeded its legal authority when, at resentencing, it imposed consecutive sentences on the misdemeanor convictions after previously having imposed concurrent sentences on the same convictions.

2) Whether the sentencing court exceeded its legal authority when, at resentencing, it imposed a 20-year term of post-prison supervision on the Rape I and Sodomy I convictions, after previously having imposed a 36-month term of post-prison supervision.

The first issue pertains to all three cases. The second issue pertains only to case 91-930-CR.

At oral argument, the parties presented this court with a joint motion for remand of 91-930-CR. The court specifically asked the parties whether they were asking that all three cases be remanded. The parties agreed that the request affected only 91-930-CR with regard to the second issue[1] and that the other two cases would remain with the court for resolution of the first issue. The parties later filed a joint motion, pursuant to ORS 138.227,[2] asking this court to remand 91-930-CR—the only case involving a felony conviction—for entry of a corrected judgment on the second issue. We allow that motion, and include that disposition with our resolution of this case. We thus are left to resolve the first issue, *viz.*, whether the sentencing court exceeded its legal authority when it imposed consecutive misdemeanor sentences in these three cases.

Petitioner argues that the sentencing court lacked the authority to alter the misdemeanor sentences previously imposed in the three cases because, at the time of resentencing, petitioner already had served those sentences. This argument is well taken.

Petitioner began serving the concurrent misdemeanor sentences on October 7, 1991. The longest of them was 18 months, and they all were to be served concurrently with those imposed for the felony rape and sodomy convictions. Petitioner was resentenced on January 12, 1994, long after he had served[3] the original 18-month concurrent sentences. This court previously has recognized that, in Oregon,

---

[1] The parties agreed that the term of post-prison supervision that was applied to the judgment in 91-930-CR exceeded the length that the trial court was permitted to impose for crimes committed before September 29, 1991. *See* Or Laws 1991, ch 831, § 3 (permitting terms of post-prison supervision of up to 20 years to be imposed pursuant to ORS 144.103 for certain offenses committed *after* September 29, 1991).

[2] ORS 138.227(1) provides:

"Upon joint motion of the parties to an appeal in a criminal action, the court may vacate the judgment * * * from which the appeal was taken and remand the matter to the trial court to reconsider the judgment * * * entered by the trial court. Upon remand, the trial court shall have jurisdiction to enter a revised judgment * * *."

[3] We assume that the 18-month concurrent sentences were executed and began running upon incarceration. No one argues to the contrary.

a sentencing court lacks the authority to modify a valid sentence once the original sentence has been executed. *State ex rel O'Leary v. Jacobs*, 295 Or 632, 636, 669 P2d 1128 (1983); *State v. Cannon*, 11 Or 312, 2 P 191 (1884).[4] The same result follows when the original sentence not only has been executed, but also has been served. Therefore, we hold that the sentencing court lacked authority on remand for resentencing to modify the original misdemeanor sentences once those sentences already had been served in their entirety.

The decision of the Court of Appeals is reversed. The misdemeanor sentences in cases 91-930-CR, 91-931-CR, and 91-932-CR are reversed. The felony sentences in case 91-930-CR are reversed, and that case is remanded to the circuit court for resentencing on the felony charges.

---

[4] For a more complete discussion of the concept of "execution," *see O'Leary*, 295 Or at 636.