Argued and submitted March 12, affirmed October 16, 2002, petition for review denied January 22, 2003 (335 Or 180)

TRACY BOGLE,
*Appellant,*

*v.*

Nicholas ARMENAKIS,
Superintendent,
Oregon State Correctional Institution,
*Respondent.*

97C-10766; A114605

56 P3d 420

Eric M. Cumfer argued the cause and filed the brief for appellant.

Timothy Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Kathleen Cegla, Assistant Attorney General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

LINDER, J.

**LINDER, J.**

The issue in this appeal is whether the post-conviction court's disposition of petitioner's case was within the scope of our remand instructions in *Bogle v. Armenakis*, 172 Or App 55, 18 P3d 390 (2001) (*Bogle I*), or was beyond the post-conviction court's jurisdiction. We review for errors of law, conclude that the post-conviction court acted within its authority and jurisdiction, and affirm.

Petitioner was convicted after a jury trial of one count of first-degree burglary, two counts of first-degree robbery, four counts of first-degree kidnapping, two counts of second-degree assault, and one count each of first-degree sodomy, unauthorized use of a motor vehicle, and felon in possession of a firearm, for a total of 12 counts. The trial court sentenced petitioner to 226 months' imprisonment and three years' post-prison supervision. Specifically, the trial court used count four, one of the four kidnapping convictions, as the primary offense and sentenced petitioner to 132 months' imprisonment on that count. The trial court then sentenced petitioner to 60 months' imprisonment on count five, another of the kidnapping convictions, to be served consecutively to count four, and to 34 months' imprisonment on count 10, the sodomy conviction, to be served consecutively to counts four and five. The sentences on all remaining counts ranged from 10 days to 66 months and were to be served concurrently with counts four, five, and 10.

Later, petitioner sought post-conviction relief on all 12 counts. The post-conviction court denied relief, and petitioner appealed. On appeal, this court concluded that petitioner's trial counsel provided ineffective assistance of counsel in some of the particulars alleged in the petition and ordered relief on five of petitioner's 12 convictions. Specifically, we "[r]eversed and remanded with instructions to enter judgment granting post-conviction relief on kidnapping and sodomy convictions (counts 4, 5, 6, 7, and 10); otherwise affirmed." *Bogle I*, 172 Or App at 67.

On remand, both parties submitted proposed judgments. Defendant submitted a proposed judgment granting relief as ordered by this court, vacating the sentences on all

counts, including those on which no post-conviction relief was awarded, and remanding the case to the trial court for resentencing. Petitioner objected to defendant's proposed judgment and submitted an alternative one. His proposed judgment vacated only the five counts as ordered by our opinion in *Bogle I* and remanded the case to the trial court "for further proceedings on those counts." Petitioner argued that this court's remand permitted the post-conviction court only to vacate the convictions and sentences on the five counts specified. In other words, according to petitioner's argument and his reading of our disposition in *Bogle I*, the post-conviction court had no authority to order resentencing on the remaining seven counts.

The post-conviction court issued a judgment consistent with the one proposed by defendant—that is, it vacated its previous judgment denying relief, granted post-conviction relief on counts four through seven and count 10, vacated the sentences on the undisturbed counts "under *Brock v. Baldwin*," and remanded the case to the trial court for resentencing "on all counts." Petitioner now appeals, arguing that the post-conviction court erred because the further proceedings it ordered were beyond the court's authority and jurisdiction. In particular, petitioner argues that the post-conviction court's judgment "was contrary to the express instructions of this court" and, as such, "contrary to the law of the case." Additionally, he argues that the post-conviction court lacked jurisdiction to order resentencing on the remaining counts because petitioner had begun serving his sentences on them.

Petitioner's law of the case argument is essentially an argument about the scope of our remand in *Bogle I*. Specifically, petitioner argues that our disposition—the so-called "tag line"—in *Bogle I* permitted the post-conviction court only to vacate the convictions and sentences on counts four through seven and 10. For that argument, petitioner relies on the premise that our opinion in *Bogle I* "vacated" the specified counts but did not authorize any further proceedings. Petitioner's description is not quite precise, and the imprecision is important. In fact, we "[r]eversed and remanded with instructions to enter judgment *granting post-conviction relief*" on counts four through seven and 10, and we then

"otherwise affirmed." (Emphasis added.) With respect to that part of our tag line that reads "otherwise affirmed," we were simply affirming the post-conviction court's denial of post-conviction relief on the remaining seven counts, not the undisturbed judgments themselves. In other words, the phrase "otherwise affirmed" reflected our judgment that petitioner was not entitled to post-conviction relief on the remaining counts. Regarding that part of our tag line that "[r]eversed and remanded with instructions to enter judgment granting post-conviction relief," petitioner argues that "this court reversed and remanded with specific instructions to enter a judgment; the opinion did not authorize any further proceedings."

Petitioner's assertion that our judgment did not "authorize any further proceedings" is too narrow a reading of *Bogle I*. In fact, our judgment *required* the post-conviction court to engage in further proceedings. As emphasized above, we ordered the post-conviction court to enter a judgment "granting post-conviction relief." The post-conviction court's authority to grant relief is governed by ORS 138.520, which provides that a post-conviction court "may grant or order * * * release, new trial, modification of sentence, and such other relief as may be proper and just." From that language, it is clear that, had the post-conviction court granted petitioner relief on counts four through seven and count 10 in the first instance, that court would have had the authority to remand the case to the trial court so that court could resentence petitioner. *See Brock v. Baldwin*, 171 Or App 188, 197, 14 P3d 651 (2000), *rev den*, 332 Or 56 (2001) (post-conviction court authorized by ORS 138.520 to remand entire case, including untainted convictions, to trial court for resentencing).

The fact that petitioner obtained post-conviction relief on certain counts via his appeal does not change the analysis or alter the post-conviction court's authority on remand to enter relief as authorized by statute. Our remand was stated in general terms: we simply ordered the post-conviction court to enter a judgment granting post-conviction relief on certain counts. The terms of the judgment to be entered on remand were left to the post-conviction court to

determine in the first instance, subject to the bounds of ORS 138.520. In other words, our judgment in *Bogle I* required the post-conviction court to engage in the proceedings that it would have engaged in had it granted petitioner post-conviction relief in the first instance. Vacating the sentences on petitioner's remaining counts and remanding the entire case back to the trial court for resentencing were within the post-conviction court's dispositional authority. *See* ORS 138.520; *see also Brock*, 171 Or App at 197. Consequently, the post-conviction court did not order relief that was outside the scope of our remand or that violated the law of the case.

Petitioner also argues that the post-conviction court lacked jurisdiction to order the trial court to resentence him on the undisturbed counts. In support of that argument, petitioner relies on *State v. Smith*, 323 Or 450, 918 P2d 824 (1996), for the principle that "a circuit court lack[s] power to resentence an offender once a sentence ha[s] been executed." Because the sentences on the undisturbed counts were to be served concurrently with those on which the court granted petitioner post-conviction relief, petitioner began serving the sentences on those counts immediately when he was taken into custody. *See State ex rel O'Leary v. Jacobs*, 295 Or 632, 669 P2d 1128 (1983) (sentence is executed when convicted person is placed into control of Department of Corrections). Thus, according to petitioner's argument, the post-conviction court lacked jurisdiction to order resentencing on the undisturbed counts because those sentences had been executed.

The problem with petitioner's argument is that it turns on principles relating to a trial court's *inherent* jurisdiction to modify a judgment. The legislature can confer jurisdiction or authority on a trial court to modify a judgment that, as a matter of its inherent powers, it would lack the ability to change. In this instance, the legislature has done so. As we held in *Brock*, ORS 138.520 permits a post-conviction court, after it has granted relief on some but not all of a petitioner's convictions, to vacate all of the convictions that were imposed when the original sentencing occurred so that the trial court could impose the total "sentence it intended." *Brock*, 171 Or App at 191. Thus, ORS 138.520 authorizes a post-conviction court to remand the entire case

for resentencing, including the undisturbed convictions. *Brock*, 171 Or App at 197. The post-conviction court acted within that authority in this case.

In summary, the post-conviction court did not act outside the scope of our remand in *Bogle I* when it remanded petitioner's undisturbed counts to the trial court for resentencing. Moreover, pursuant to ORS 138.520 and our decision in *Brock*, the post-conviction court had the authority to vacate petitioner's sentence on all counts and remand to the trial court for resentencing.

Affirmed.