STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHAWN N. BISBY,
*Defendant-Appellant.*

Multnomah County Circuit Court
0004-33599, 0009-37304
A129274 (Control); A129275

157 P3d 262

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Ernest G. Lannet, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

Defendant appeals a judgment that modified a sentence that he had fully served. He argues that the modification exceeded the sentencing court's authority. We agree and vacate and remand.

The relevant facts are mostly procedural and entirely undisputed. In September 2000, defendant was on trial in two cases. Pursuant to a plea bargain, he pleaded guilty or no contest in the first case to coercion, assault, and resisting arrest; in the second case, he pleaded no contest to tampering with a witness. Still pursuant to the bargain, the court dismissed several counts in the first case and imposed six-month sentences on the assault and resisting arrest counts, concurrent with each other and with an upward durational departure sentence of 72 months of incarceration and 36 months of post-prison supervision for coercion. In the witness-tampering case, the court imposed 25 months of incarceration and 24 months of post-prison supervision, also concurrent with the 72-month coercion sentence. Thus, defendant received a total of 72 months of incarceration and 36 months of post-prison supervision. The sentences were structured as they were at the request of defendant's counsel in order to ensure defendant's eligibility for desirable treatment programs. The court noted on the record that "total custody time is the same as the court would otherwise impose under the grid blocks, which would be 36+30, and then [six] for the misdemeanor, which would equal 72."

Defendant appealed both judgments, but subsequently dismissed the appeals. He later sought post-conviction relief, arguing that his trial counsel had been inadequate because he did not tell defendant that the 72-month sentence exceeded the maximum length that could be imposed on the coercion charge.[1] The post-conviction court agreed and vacated all of the sentences, ruling as follows:

---

[1] Coercion is a Class C felony. ORS 163.275(2). Under ORS 161.605(3), the maximum penalty that can be imposed on a Class C felony is five years. OAR 213-008-0003(2) limits the length of a durational departure to the lesser of double the length of the presumptive sentence or the statutory maximum sentence described in ORS 161.605(3). Thus, the maximum sentence that could be imposed on the coercion conviction was five years, or 60 months.

"Now, therefore, it is hereby adjudged that the sentences in both cases which were consolidated before the trial court * * * are vacated and should be returned for review and resentencing only, according to law."

On remand, in an apparent attempt to make the total modified sentences approximate the original total, the sentencing court reduced the 72-month coercion sentence by 36 months, increased the witness tampering sentence from 25 to 30 months, and made the two sentences consecutive, for a total period of incarceration of 66 months. At the time, more than 25 months had elapsed since defendant was originally sentenced; thus, the modified sentence for witness tampering reinstated a sentence that had been fully served and made it consecutive to an ongoing sentence.

On appeal, defendant argues, as he did to the sentencing court, that the court did not have authority to increase his 25-month sentence for tampering or to make it consecutive to the sentence for coercion because the tampering sentence had been fully served. As we explain below, his argument is correct.[2]

Defendant relies primarily on *State v. Smith*, 323 Or 450, 918 P2d 824 (1996) (*Smith II*). In that case, the defendant was convicted of nine offenses. On appeal, this court concluded that six of the nine sentences contained errors. *State v. Smith*, 116 Or App 558, 842 P2d 805 (1992), *adh'd to on recons*, 120 Or App 438, 852 P2d 934 (1993) (*Smith I*). The state conceded as much, but argued that this court should remand all nine offenses so that the sentencing court could compensate for the necessary reduction in the unlawful sentences by increasing the lawful ones, thereby achieving the original objective. *Smith I*, 116 Or App at 560. We rejected that argument, holding that a sentencing court may not "re-sentence on offenses for which sentences have already been lawfully imposed." *Id.*

---

[2] Defendant also argues that the sentencing court erred by modifying the lawful sentences, arguing that only the unlawful sentence should have been modified. Because we agree with defendant's first argument, we do not reach the second.

■■ On remand, however, the trial court found another way to achieve the original objective; it reduced all of the sentences but imposed them consecutively instead of concurrently—including sentences that the defendant had, by that time, fully served. *Smith II*, 323 Or at 452-53. The defendant appealed again. After this court affirmed without opinion, the Supreme Court reversed. The court reasoned,

> "Petitioner argues that the sentencing court lacked the authority to alter the misdemeanor sentences previously imposed in the three cases because, at the time of resentencing, petitioner already had served those sentences. This argument is well taken.

> "* * * This court previously has recognized that, in Oregon, a sentencing court lacks the authority to modify a valid sentence once the original sentence has been executed. The same result follows when the original sentence not only has been executed, but also has been served. Therefore, we hold that the sentencing court lacked authority on remand for resentencing to modify the original misdemeanor sentences once those sentences already had been served in their entirety."

*Id.* at 453-54 (citation and footnote omitted). According to defendant, *Smith II* is precisely on point; the holding is that, on remand, a sentencing court does not have the inherent or statutory authority to modify a sentence that has already been served, even if doing so is the only effective way to correct an earlier sentencing error while not diminishing the total time of incarceration.

The state, however, argues that several developments since *Smith II* undermine its continuing precedential value. First, it notes that, as a result of *Smith II*, the Legislative Assembly enacted ORS 138.222(5)(a). That statute provides, in part:

> "If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case."

We have held, however, that the statute applies only to courts imposing new sentences on remand from "the appellate court," and not to cases like this one on remand from a post-conviction court. *State v. Henderson*, 146 Or App 81, 84, 932 P2d 577 (1997).

Second, the state points to this court's decisions in *Brock v. Baldwin*, 171 Or App 188, 14 P3d 651 (2000), and *Bogle v. Armenakis*, 184 Or App 326, 56 P3d 420 (2002). Unlike *Henderson*, those cases involve sentencing on remand from post-conviction courts, and are therefore of more relevance. In *Brock*, the petitioner was originally convicted of, and sentenced on, eight counts. After an unsuccessful appeal, he sought post-conviction relief. 171 Or App at 190. The post-conviction court found that five of the eight sentences were unlawful and, at the state's request, vacated all eight sentences and remanded the entire case for resentencing. *Id.* at 191. Petitioner appealed, arguing that the post-conviction court had authority to vacate and remand only the unlawful sentences. *Id.* We rejected that argument, noting that, although ORS 138.222(5) did not authorize the complete remand, another statute did: ORS 138.520. That statute provides:

> "The relief which a court may grant or order under ORS 138.510 to 138.680 [the post-conviction relief statutes] shall include release, new trial, modification of sentence, and such other relief as may be proper and just. The court may also make supplementary orders to the relief granted, concerning such matters as rearraignment, retrial, custody and release on security."

In particular, we focused on the phrase "such other relief as may be proper and just," noting that the grant of authority was broad (although not limitless) and that "relief" indicated the legislature's decision to give successful post-conviction petitioners only the sentence they were originally entitled to, not a "windfall consisting of the possibility of a more favorable overall term of imprisonment than he would have received if his attorney had timely objected to the sentencing error." *Brock*, 171 Or App at 196-97.

*Brock* does not aid the state. Despite the *dicta* regarding windfalls, nothing in the opinion deals with the

*sentencing court's* authority, and, more significantly, nothing deals with *any* court's authority to reinstate or modify an *already-served* sentence. *Brock*, then, leaves intact the holding in *Smith II*. A post-conviction court may vacate and remand lawful and unlawful sentences alike, if doing so is "proper and just"; it is generally "proper and just" to avoid giving petitioners a windfall; but, as the Supreme Court explicitly held in *Smith II*, if the only way to avoid the windfall is to modify an already-served sentence, the windfall must occur.

*Bogle* adds a gloss to *Brock*, but not one that is sufficient to overcome the explicit language of *Smith II*. In *Bogle*, the petitioner prevailed in this court on an appeal from the post-conviction court's denial of relief. We held that the post-conviction court had erred with respect to several of the petitioner's sentences; we therefore remanded. *Bogle*, 184 Or App at 328. On remand, the post-conviction court issued a judgment vacating all of the petitioner's sentences and instructed the sentencing court to resentence on all counts. *Id.* at 329. The petitioner appealed again, arguing, among other things, that the post-conviction court's instruction to the sentencing court would require the sentencing court to act beyond its authority by resentencing on sentences that had been "executed." We rejected that argument:

> "The problem with petitioner's argument is that it turns on principles relating to a trial court's *inherent* jurisdiction to modify a judgment. The legislature can confer jurisdiction or authority on a trial court to modify a judgment that, as a matter of its inherent powers, it would lack the ability to change. In this instance, the legislature has done so. As we held in *Brock*, ORS 138.520 permits a post-conviction court, after it has granted relief on some but not all of a petitioner's convictions, to vacate all of the [sentences] that were imposed when the original sentencing occurred so that the trial court could impose the total 'sentence it intended.' *Brock*, 171 Or App at 191. Thus, ORS 138.520 authorizes a post-conviction court to remand the entire case for resentencing, including the undisturbed convictions. *Brock*, 171 Or App at 197. The post-conviction court acted within that authority in this case."

*Id.* at 331-32 (emphasis in original). We ultimately held only that "pursuant to ORS 138.520 and our decision in *Brock*, the

post-conviction court had the authority to vacate petitioner's sentences on all counts and remand to the trial court for resentencing." *Id.* at 332.

Bogle does not help the state here. *Bogle* says nothing, either in its holding or in its *dicta*, indicating that a sentencing court can reinstate a *fully served* sentence. We decline so to hold in this case. To interpret ORS 138.520 as authorizing such a modification would flout a clear and recent holding by the Supreme Court.

In conclusion, we hold that the sentencing court erred in modifying defendant's already-served sentence on his conviction for tampering with a witness. The Supreme Court in *Smith II* held that such a modification was beyond the authority of the sentencing court, and nothing since that case has altered the court's holding.

Sentences vacated; remanded for resentencing; otherwise affirmed.