Submitted April 28, 2015, affirmed May 4, petition for review allowed
November 3, 2016 (360 Or 568)
See later issue Oregon Reports

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOAQUIN SIERRA,
*Defendant-Appellant.*

Marion County Circuit Court
05C40355; A153534

374 P3d 952

Peter Gartlan, Chief Defender, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Flynn, Judge, and Haselton, Senior Judge.

## LAGESEN, P. J.

As a result of an incident involving defendant's use of a crossbow to threaten people at a convenience store—the details of which have been recounted elsewhere[1]—a jury convicted defendant of nine offenses (one count of first-degree kidnapping, two counts of second-degree kidnapping, one count of fourth-degree assault; and five counts of unlawful use of a weapon (UUW)). The trial court sentenced defendant to a total of 250 months' incarceration. The Supreme Court later concluded that the evidence was not sufficient to support defendant's two second-degree kidnapping convictions, reversed those convictions, and remanded the case for resentencing on the seven remaining convictions. On remand, the trial court relied on *State v. Partain*, 349 Or 10, 20-21, 239 P3d 232 (2010)—which altered the longstanding Oregon common-law rule that a criminal defendant who succeeds on appeal cannot be given a longer sentence on retrial or remand—to impose a longer total sentence: 276 months' incarceration.[2] It did so, in part, by imposing longer sentences on three of the UUW convictions, and by ordering that those sentences run consecutively—even though defendant had already completed the previously imposed sentences for the UUW convictions. Aggrieved by the trial court's imposition of an additional 26 months' incarceration, defendant has appealed.

As framed by the parties' arguments, this appeal raises four primary questions regarding the trial court's authority to impose a longer sentence on remand, as well as ancillary questions as to whether those issues are properly

---

[1] *State v. Sierra*, 349 Or 506, 519, 254 P3d 149 (2010) (*Sierra I*), *modified and adh'd to on recons*, 349 Or 604, 247 P3d 759 (2011) (*Sierra II*).

[2] *Partain* overruled longstanding precedent. In 1967, the Supreme Court held in *State v. Turner*, 247 Or 301, 313, 429 P2d 565 (1967), that a criminal defendant who prevailed on appeal could not be sentenced on retrial to a harsher sentence than the one originally imposed. *Turner*, 247 Or at 313. In 1979, we extended *Turner*'s prohibition on harsher sentences to cases in which a prevailing criminal defendant obtained a remand for resentencing only, rather than for retrial. *State v. Stockman*, 43 Or App 235, 242-43, 603 P2d 363 (1979). In 2010, the Supreme Court abandoned the *Turner/Stockman* rule against harsher sentences following appeal, holding in *Partain* that a trial court may impose a harsher sentence following a criminal defendant's successful appeal, provided the court comports with the due process standards articulated in *North Carolina v. Pearce*, 395 US 711, 89 S Ct 2072, 23 L Ed 2d 656 (1969). *Partain*, 349 Or at 22-23.

subject to review in this appeal. Specifically, in view of the parties' arguments, the questions before us are as follows: (1) If preservation principles do not bar review, do due process and the Ex Post Facto Clause of Article I, section 21, of the Oregon Constitution, bar the application of *Partain* to this case and require that defendant be resentenced under the more forgiving standard established by *State v. Turner*, 247 Or 301, 313, 429 P2d 565 (1967)? (2) If preservation principles do not bar review, do federal constitutional due process and double jeopardy principles prohibit the resentencing of defendant on any conviction for which defendant had completed the previously imposed sentence? (3) If *Partain* applies to defendant's case, did the trial court comply with the requirements of *Partain* when, on resentencing, it imposed a total incarcerative sentence that was 26 months longer than the sentence previously imposed? (4) If ORS 138.222 or the law-of-the-case doctrine do not bar review, does *State v. Smith*, 323 Or 450, 918 P2d 824 (1996), prohibit the modification of defendant's sentences on the UUW convictions for which defendant had completed the previously imposed sentences?

For the reasons explained below, we answer those questions as follows: (1) and (2) defendant's constitutional claims are not preserved and do not warrant plain error review; (3) the trial court satisfied the requirements under *Partain*; and (4) defendant's *Smith* claim is reviewable on appeal, and, on the merits, *Smith* did not bar the trial court from modifying defendant's UUW sentences on remand because the trial court had statutory authority to do so under ORS 138.222(5)(b). We, therefore, affirm.

## CONSTITUTIONAL CLAIMS

Broadly stated, defendant raises two distinct constitutional challenges to his sentence. First, he contends that due process and the Ex Post Facto Clause of Article I, section 21, prohibit the application of *Partain* to his case. He argues that those constitutional provisions instead, require the application of *Turner*, the case overruled by *Partain*, which would prohibit the trial court from sentencing defendant to a longer sentence than that previously imposed. Second, he contends that the Fifth Amendment's Double

Jeopardy Clause, as applicable to Oregon via the Fourteenth Amendment, prohibited the trial court from imposing longer sentences on the UUW convictions after defendant had completed the previously imposed sentences. In support of that argument, he relies primarily on *United States v. Arrellano-Rios*, 799 F2d 520 (9th Cir 1986).

Defendant did not make those arguments to the trial court.[3] As a result, they are not preserved. Although defendant asks that we engage in plain error review, the claimed errors are not ones that are "plain," that is, "obvious, not reasonably in dispute." *Ailes v. Portland Meadows Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). Instead, they are ones that would require resolution of state and federal questions of constitutional law not previously resolved by us, the Oregon Supreme Court, or the United States Supreme Court. We note in particular that, as to defendant's double jeopardy argument, it is not obvious that the case on which defendant relies would resolve the issue, even if we were to adopt its reasoning as our own. As the Ninth Circuit itself later concluded, the holding in *Arrellano-Rios*, a preguidelines case, did not apply in a case where a defendant had been sentenced under the federal sentencing guidelines, a scheme that resembles the Oregon sentencing guidelines under which defendant was sentenced. *See United States v. Radmall*, 340 F3d 798, 801 & 801 n 5 (9th Cir 2003). Therefore, because defendant's constitutional claims are not preserved, and the purported errors are not plain, we reject defendant's constitutional claims without addressing their merits.

---

[3] The only constitutional arguments that defendant made below were that, it would be a "denial of due process" to permit the state to rely on sentencing enhancement factors that had been withdrawn from the jury at the time of defendant's original trial, and also that "to construe [ORS 138.222(5)] to allow the court to revisit a completely served sentence would deny the defendant due process under the 5th and 14th Amendments to the U.S. Constitution and to the swift and complete administration of justice guaranteed him in Art. I, section 10." Defendant did not, however, assert that application of *Partain* on resentencing would violate due process, or any other constitutional principle. Defendant also did not assert that double jeopardy prohibited the trial court from resentencing him on the UUW convictions for which he had completed the previously imposed sentences, or cite to any case law that would have alerted the trial court that defendant was making the double jeopardy argument that he presents on appeal.

## APPLICATION OF *PARTAIN*

We turn to defendant's contention that the trial court's decision to sentence defendant to a harsher sentence on remand did not comply with the requirements of *Partain*. The argument raises a question of law, and we review for legal error the trial court's determination that *Partain*'s prerequisites for the imposition of a harsher sentence were met. *State v. Febuary*, 274 Or App 820, 821, 361 P3d 661 (2015), *rev allowed*, 358 Or 794 (2016) (reviewing trial court's compliance with *Partain* requirements for legal error). We conclude that the trial court's ruling comported with the *Partain* requirements.

Under *Partain*, a trial court resentencing a defendant following a successful appeal may sentence the ·defendant to a longer sentence than that previously imposed if the court (1) states its reasons for doing so on the record; (2) the court's reasons are based on "identified facts of which the first sentencing judge was unaware"; and (3) the reasons are "such as to satisfy a reviewing court that the length of the sentence imposed is not a product of vindictiveness toward the offender." *Partain*, 349 Or at 25-26. The purpose of those requirements is to guard against the possibility of a trial court penalizing a criminal defendant for taking a successful appeal through the imposition of a longer sentence. *Id.* at 23-26.

Here, the record reflects that the trial court complied with the procedural requirements of *Partain*, and also adequately demonstrates that the trial court's longer sentence was not vindictive. On remand, the trial court empanelled a sentencing jury for the purpose of permitting the state to prove certain sentencing enhancement factors. Through that process, the trial court obtained two types of information not available to the original sentencing court. First, the trial court heard testimony from some of defendant's victims about the long-term effects that defendant's crimes had had on them. Second, the trial court received evidence about defendant's misconduct while incarcerated. The trial court then explained that that new information caused it to view the case "a little bit differently" from the original sentencing judge and to think that the longer sentence was warranted

for nonvindictive reasons. In terms of procedure, that is all that *Partain* requires, and we are persuaded from the trial court's statements on the record that the court did not impose the additional 26 months for a vindictive purpose.

## MODIFICATION OF ALREADY-SERVED SENTENCES

Defendant's final argument is that the Supreme Court's decision in *Smith* precluded the trial court from modifying his sentences on the UUW convictions for which he had completed the previously imposed sentence by the time of resentencing and that the trial court erred by concluding otherwise. The state, in response, observes that defendant's challenged sentences were within the presumptive range and argues that that means that ORS 138.222(2)(a)[4] bars appellate review of those sentences. The state also asserts that the doctrine of law-of-the-case precludes review of defendant's claim because defendant could have raised that argument in his first appeal. On the merits, the state argues that *Smith* did not prohibit the trial court from modifying defendant's UUW sentences on remand because ORS 138.222(5)(b) conferred upon the trial court the statutory authority to resentence defendant on those convictions on remand. We decide issues of reviewability for ourselves in the first instance and otherwise review for errors of law the trial court's determination that it had the authority to modify defendant's sentences on the UUW convictions. *See State v. Skelton*, 153 Or App 580, 593, 957 P2d 585, *rev den*, 327 Or 448 (1998) (reviewing for legal error trial court's determination of the scope of sentencing authority).

The state is wrong that defendant's claim of error is not reviewable. Regarding the state's argument that ORS 138.222(2)(a) precludes review, defendant's claim is that the trial court lacked authority to modify his sentences on those convictions for which he had completed the previously imposed sentences. As we previously have held, that type of

---

[4] ORS 138.222(2) states, in part:

"Except as otherwise provided in subsection (4)(c) of this section, on appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court may not review:

"(a) Any sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission."

claim, which challenges the trial court's authority to impose a sentence, is reviewable under ORS 138.222(4)(a), which allows for review of a claim that "[t]he sentencing court failed to comply with the requirements of law in imposing or failing to impose a sentence," even where a defendant's sentence is in the presumptive range. ORS 138.222(4)(a); *State v. Lebeck*, 171 Or App 581, 585, 17 P3d 504 (2000), *superseded by statute on other grounds as noted in State v. French*, 208 Or App 652, 145 P3d 305 (2006); *State v. Lavitsky*, 171 Or App 506, 513, 17 P3d 495 (2000), *rev den*, 332 Or 430 (2001) (ORS 138.222(4)(a) makes challenge to trial court's authority to modify sentence reviewable on appeal, even where sentence is within presumptive range).

The law-of-the-case doctrine also does not bar our review of defendant's *Smith* claim. Under that doctrine, once an appellate court has rendered a ruling on a particular issue in a case, that ruling "is binding and conclusive both upon the inferior court in any further steps or proceedings in the same litigation and upon the appellate court itself in any subsequent appeal or proceeding for review." *State v. Pratt*, 316 Or 561, 569, 853 P2d 827 (1993) (internal citation and quotation marks omitted). Here, there is no prior ruling of an appellate court that can be treated as "law of the case" as to defendant's *Smith* claim. On the contrary, in defendant's first appeal, the Supreme Court expressly declined to address the issue of *Smith*'s applicability. *Sierra II*, 349 Or at 607 n 1.

On the merits, we conclude that *Smith* did not bar the trial court from modifying defendant's sentences on the UUW convictions because ORS 138.222(5)(b) conferred upon the trial court the statutory authority to resentence defendant on those convictions.

*Smith* involved an appeal following a resentencing proceeding after a previous appeal. 323 Or at 452. The defendant argued, among other things, that the trial court "lacked the authority to alter the misdemeanor sentences previously imposed * * * because, at the time of resentencing, [the defendant] had already served those sentences." *Id.* at 453. The Supreme Court agreed, relying on its prior decisions in *State ex rel O'Leary v. Jacobs*, 295 Or 632, 669

P2d 1128 (1983), and *State v. Cannon,* 11 Or 312, 2 P 191 (1884). Those cases reflect the longstanding common-law rule in Oregon that a sentencing court lacks the inherent authority to modify a defendant's sentence once that sentence has been executed, that is, put into effect. *Smith,* 323 Or at 454; *O'Leary,* 295 Or at 636-37; *Cannon,* 11 Or at 314. In *Smith,* the court reasoned that, if a sentencing court lacks the authority to modify an executed sentence, then "[t]he same result follows when the original sentence not only has been executed, but also has been served." 323 Or at 454. In other words, as we understand it, the court's ruling in *Smith* represents a specific application of the common-law rule that sentencing courts in Oregon lack the inherent authority to modify sentences once those sentences have been executed.

Thus, under *Smith,* the trial court lacked the inherent, common-law authority to modify defendant's UUW sentences. The question, then, is did the trial court have statutory authority to modify defendant's UUW sentences on remand? *State v. Donner,* 230 Or App 465, 467-68, 215 P3d 928 (2009) (nothwithstanding *Smith,* sentencing court could modify sentence—even one that had been executed and served—where a statute granted the sentencing court unqualified authority to make the modification at issue); *see State v. Easton,* 204 Or App 1, 6, 126 P3d 1256 (2006) (the legislature may grant sentencing courts the authority to modify sentences that have been executed).

It did. ORS 138.222(5)(b)—which the legislature enacted after the Supreme Court's decision in *Smith*—gave the court that authority. That statute provides, "If the appellate court, in a case involving multiple counts of which at least one is a felony, reverses the judgment of conviction on any count and affirms other counts, the appellate court *shall remand* the case to the trial court *for resentencing on the affirmed count or counts." Id.* (emphases added).

As its plain text indicates, that provision not only confers upon a sentencing court the unqualified authority to resentence a defendant on all convictions under the circumstances present here—where one conviction out of a group of convictions including at least one felony is reversed—it

makes such resentencing mandatory. *State v. Zolotoff*, 275 Or App 384, 394, 365 P3d 131 (2015); *State v. Link*, 260 Or App 211, 217, 317 P3d 298 (2013) (explaining that "a remand for resentencing under ORS 138.222(5)(b) does not make a resentencing proceeding *optional* after some of the defendant's convictions have been reversed" (emphasis in original)); *cf. State v. Hollingquest*, 241 Or App 1, 6, 250 P3d 366 (2011) (after the Court of Appeals "remanded for resentencing pursuant to ORS 138.222(5)(a), the entire case was before the trial court for resentencing—that is, for imposition of new sentences"). As we explained in *Zolotoff*, in a case involving a felony conviction, "when an appellate court's decision affects any component of [the sentencing] package, ORS 138.222(5) affords a sentencing court the opportunity to restructure its sentence in light of that decision." *Zolotoff*, 275 Or App at 394. Where ORS 138.222(5)(b) applies, "a trial court has no discretion not to resentence on each conviction." *Id.* Said another way, a trial court must resentence on each conviction. In essence, the statute itself has the effect of modifying all previously imposed sentences by, in effect, vacating them and requiring that a sentencing court start the sentencing process over again. Under those circumstances, the common-law rule recognized in *Smith* has no bearing on the sentencing court's task; the statutory scheme enacted by the legislature defines the court's job.

Nothing in the text or context of ORS 138.222(5)(b) suggests that the legislature intended that a sentencing court's authority at a resentencing pursuant to that statute would be restricted in any way where, as here, a defendant had completed some of the previously imposed sentences by the time of resentencing; the terms of the statute are unqualified. *See Donner*, 230 Or App at 467-68 (explaining that where statute gave trial court the unqualified authority to modify judgment, *Smith* did not preclude court from modifying sentence that had been executed and served). And the legislative history of ORS 138.222(5)(b) only underscores what its plain text states. That history indicates that the legislature understood that felony sentencing under the sentencing guidelines was complex, and that in a case involving multiple convictions, the sentence imposed on one conviction could depend on the sentence imposed on one or

more of the other convictions in the case. Tape Recording, Senate Committee on the Judiciary, HB 2224, June 6, 2005, Tape 156, Side A (testimony of Assistant Attorney General Jonathon Fussner). In view of that complexity, and the interrelatedness of the sentences in a felony sentencing package, the purpose of ORS 138.222(5)(b), as evidenced by the legislative history, was to ensure that, when a part of a felony sentencing package is disturbed on appeal, a sentencing court would have the ability to determine an appropriate sentencing package for the remaining convictions. Tape Recording, Senate Committee on the Judiciary, HB 2224, June 15, 2005, Tape 169, Side A (statements of Chair Ginny Burdick, Assistant Attorney General Jonathon Fussner, and Sen Floyd Prozanski). The legislative history does not suggest that the legislature intended that a trial court's authority under ORS 138.222(5)(b) would be limited in any way if, by the time of resentencing, the defendant had completed one or more of the sentences imposed as part of a felony sentencing package.

In urging us to reach a contrary conclusion, defendant relies on *State v. Bisby*, 212 Or App 86, 89-93, 157 P3d 262 (2007). *Bisby* involved a remand to a trial court for resentencing from a *post-conviction* court, pursuant to ORS 138.520. In concluding that *Smith* applied and that the trial court lacked the authority to modify defendant's already-served sentence, we expressly recognized that ORS 138.222(5) did not apply because the remand was from the post-conviction court, not from an appellate court on direct appeal. *Bisby*, 212 Or App at 90-91. For that reason, *Bisby* does not assist defendant, which involves a remand for resentencing from an appellate court following a direct appeal.

In sum, in enacting ORS 138.222(5)(b), the legislature gave the trial court the unqualified authority—and obligation—to reconsider its sentencing package and to resentence defendant on all remaining convictions. In the light of that grant of statutory authority, the trial court was correct to conclude that *Smith* did not preclude it from resentencing defendant on the UUW convictions.

Affirmed.