On respondent on review's petition for reconsideration filed January 11, 2011; considered and under advisement on January 26,* petition for reconsideration allowed; former opinion modified and adhered to as modified February 19, 2011

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## JOAQUIN SIERRA,
*Petitioner on Review.*

(TC 05C40355; CA A136120; SC S057794)

247 P3d 759

Michael A. Casper, Assistant Attorney General, Salem, filed the petition for reconsideration. With him on the petition were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

No appearance *contra.*

DURHAM, J.

---

* 349 Or 506, 254 P3d 149 (2010); on review from the Court of Appeals, 228 Or App 149, 206 P3d 1153 (2009).

.

**DURHAM, J.**

The state seeks reconsideration of this court's opinion in *State v. Sierra*, 349 Or 506, 254 P3d 149 (2010). We allow the petition for reconsideration, modify our earlier opinion as described below, and, as modified, adhere to that opinion.

In this case, a jury convicted defendant of a number of crimes, including one count of kidnapping in the first degree and two counts of kidnapping in the second degree. On review, defendant challenged the sufficiency of the evidence supporting his three kidnapping convictions. This court affirmed defendant's conviction for first-degree kidnapping but reversed the two convictions for second-degree kidnapping. *Id.* at 520. This court explained that the state introduced sufficient evidence to prove the charge of kidnapping in the first degree, but held that

> "the state introduced insufficient evidence to prove the two charges of kidnapping in the second degree. As a result, the trial court erred in denying defendant's motion for judgment of acquittal on those charges. We reverse the trial court's judgment as to those two charges and remand the case to the trial court so that that court can enter a judgment of acquittal as to those charges."

*Id.* at 518 (footnote omitted). Consistent with that conclusion, the final paragraph of our opinion stated:

> "The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings."

*Id.* at 520.

The state seeks reconsideration, requesting that we clarify the scope of our instructions on remand. The state asserts that, in light of our instruction to the trial court to enter a judgment of acquittal as to the second-degree kidnapping charges, it is not clear whether the "further proceedings" on remand include resentencing on defendant's remaining convictions. We allow reconsideration in order to clarify the scope of our instructions on remand.

In a felony case, when an appellate court reverses one or more of a defendant's convictions but also affirms one or more convictions, ORS 138.222(5)(b) mandates that the appellate court remand for resentencing on the remaining convictions.[1] ORS 138.222(5)(b) provides:

"If the appellate court, in a case involving multiple counts of which at least one is a felony, reverses the judgment of conviction on any count and affirms other counts, the appellate court shall remand the case to the trial court for resentencing on the affirmed count or counts."

Our opinion in this case did not limit the scope of "further proceedings" on remand to exclude resentencing. Nonetheless, because we agree with the state that ORS 138.222(5)(b) requires this court to remand for resentencing in this case, we will make our instructions on remand more explicit. Accordingly, we withdraw the final dispositional paragraph of our previous opinion and insert in its place the following paragraph:

"The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for entry of judgment of acquittal on the two second-degree kidnapping counts, for resentencing on the remaining counts, and for further proceedings."

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.

---

[1] We note that it appears that defendant already may have served the sentences for some of his remaining convictions. We are not presented with the issue of how that fact may affect the trial court's authority on resentencing. *See State v. Smith*, 323 Or 450, 454, 918 P2d 824 (1996) (holding that "a sentencing court lacks the authority to modify a valid sentence once the original sentence * * * has been served" in its entirety). We, therefore, express no opinion on that issue.