Submitted October 3, 2014, judgment of conviction on Counts 13 through 16 for kidnapping in the first degree reversed; remanded for resentencing; otherwise affirmed April 22, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMIR ELIGAH IBABAO,
aka Jamir Elijah Ibaboa,
*Defendant-Appellant.*

Multnomah County Circuit Court
120934143; A155420

348 P3d 336

Bear Wilner-Nugent filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Wollheim, Senior Judge.

DUNCAN, P. J.

### DUNCAN, P. J.

In this criminal case, defendant appeals the trial court's judgment, which convicted him of, among other crimes, four counts of kidnapping in the first degree (Counts 13-16).[1] On appeal, defendant assigns error to the trial court's denial of his motion for judgment of acquittal on the kidnapping counts. Defendant argues, and the state concedes, that the trial court should have granted his motion because the record does not contain sufficient evidence to establish the asportation element of kidnapping. For the reasons explained below, we agree and, therefore, we reverse the judgment as to defendant's kidnapping convictions, remand for resentencing, and otherwise affirm.

ORS 163.225 provides that "[a] person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, the person" either "[t]akes the person from one place to another" or "[s]ecretly confines the person in a place where the person is not likely to be found." ORS 163.235 provides that "[a] person commits the crime of kidnapping in the first degree if the person violates ORS 163.225 [which defines kidnapping in the second degree]" with any of five listed purposes, including "[t]o terrorize the victim or another person[.]" In this case, each of the four kidnapping counts alleged that defendant "did unlawfully and knowingly, without consent or legal authority, take [the victim] from one place to another, with intent to interfere substantially with the personal liberty of [the victim], and with the purpose of terrorizing [the victim]."

To prove the asportation element of kidnapping—that is, to prove that a defendant took a victim "from one place to another"—the state must prove that the defendant "'change[d] the position of the victim such that, as a matter of situation and context, the victim's ending place [was]

---

[1] In addition to the four counts of first-degree kidnapping (Counts 13-16), ORS 163.235(1)(d), defendant was charged with, and found guilty of, five counts of robbery in the first degree (Counts 1-5), ORS 164.415; five counts of robbery in the second degree (Counts 6-10), ORS 164.405, which merged with the first-degree robbery counts; and two counts of burglary in the first degree (Counts 11 and 12), ORS 164.225, which merged with each other.

qualitatively different from the victim's starting place'" and that "the taking [was] not *** 'only incidental' to another crime." *State v. Opitz*, 256 Or App 521, 533, 301 P3d 946 (2013) (quoting *State v. Sierra*, 349 Or 506, 513-14, 254 P3d 149 (2010), *adh'd to as modified on recons*, 349 Or 604, 247 P3d 759 (2011)) (emphasis omitted). Accordingly, we have held that moving a victim between rooms within a residence did not constitute asportation when the movements had "no effect on the extent to which [the] defendant interfered with the victim's personal liberty" and were "in the course and in furtherance of" the defendant's ongoing assault of the victim. *Opitz*, 256 Or App at 534-36; *see also State v. Kinslow*, 257 Or App 295, 303-04, 304 P3d 801 (2013) (holding that the defendant's acts of moving the victim to different rooms in a house did not constitute asportation because, "[w]hatever functional differences" existed between the rooms, "there was nothing about any one of those rooms that *** increased *** [the] defendant's control over the victim or further isolated the victim"); *State v. Douglas*, 203 Or App 22, 27-29, 125 P3d 751 (2005), *rev den*, 340 Or 157 (2006) (holding that the defendant's act of ordering one group of victims into a closed tavern constituted asportation, but the defendant's act of directing the movements of others inside the tavern did not).

Here, defendant argues, and the state concedes, that the record is insufficient to establish the asportation element of kidnapping. Viewed in the light most favorable to the state, the relevant evidence is that defendant and three companions committed a home-invasion robbery involving five victims. They broke into the home through an attached garage, which had been modified for use as a recreation and sleeping room. In the garage, they encountered three of the victims and forced them at gunpoint into a bedroom in the house, where the fourth victim was sleeping. Later, they found the fifth victim in another bedroom and forced him at gunpoint into the bedroom where the others were. Under *Opitz* and *Kinslow*, moving the victims between the rooms does not constitute asportation, both because the victims' starting and ending places were not qualitatively different and because the movements were incidental to the robbery.

Judgment of conviction on Counts 13 through 16 for kidnapping in the first degree reversed; remanded for resentencing; otherwise affirmed.