
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KELLY GENE GETTLING, AKA Kelley Gettling, | No. 14-35152 |
| Petitioner - Appellant, | D.C. No. 6:11-cv-01176-AC |
| v. | MEMORANDUM[*] |
| JEFF PREMO, Superintendent, OSP, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted May 8, 2015
Portland, Oregon

Before: W. FLETCHER and HURWITZ, Circuit Judges and BAYLSON,[**] Senior
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Michael M. Baylson, Senior District Judge for the
U.S. District Court for the Eastern District of Pennsylvania, sitting by designation.

Kelly Gene Gettling, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Our review is de novo, *Clabourne v. Ryan*, 745 F.3d 362, 370 (9th Cir. 2014), and we affirm.

Gettling claims that he is entitled to habeas relief because he is actually innocent, because his trial counsel furnished ineffective assistance of counsel ("IAC") by allowing him to plead to a kidnapping charge that was not supported by sufficient evidence, and because both his trial and appellate counsel were ineffective for subsequently failing to challenge the sufficiency of the evidence of the kidnapping conviction. We address only the first two claims, because the district court did not issue a certificate of appealability on the third claim and Gettling did not follow the procedure delineated in our rules for requesting the expansion of a certificate of appealability. *See Mendez v. Knowles*, 556 F.3d 757, 771 (9th Cir. 2009). Gettling does not dispute that he procedurally defaulted on these first two claims. We conclude that he has not established cause and prejudice to excuse this default.

First, Gettling cannot overcome his procedural default by demonstrating that he is actually innocent of the crime of conviction. *See Schlup v. Delo*, 513 U.S. 298, 313–15 (1995). Gettling has not satisfied *Schlup*'s "demanding" standard, *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013), because he has not shown "in

2

light of subsequent case law that he cannot, as a legal matter, have committed" the crime of first-degree kidnapping. *Vosgien v. Persson*, 742 F.3d 1131, 1134 (9th Cir. 2014). Regarding the intent element, there is sufficient evidence, when viewed in the light most favorable to the state, that Gettling intended to interfere substantially with the victim's personal liberty. *See* Or. Rev. Stat. §§ 163.235 & 163.225; *State v. Wolleat*, 111 P.3d 1131, 1134 (Or. 2005) (explaining that the state must show that the defendant intended to move the victim a "substantial distance" or confine the victim for a "substantial period of time"). Gettling bound the victim with duct tape, stuffed a sock in the victim's mouth, knocked the victim down when he tried to get up, and moved the victim toward the door after telling his accomplice to get the truck. There is sufficient evidence that Gettling took the victim "from one place to another" to satisfy the asportation element. Or. Rev. Stat. §§ 163.235 & 163.225. Gettling moved the victim to a "qualitatively different" place because he moved the victim within the room in order to duct tape him, which enhanced Gettling's ability to control the victim, and because he moved the victim to the back door and toward the truck in order to further isolate him. *State v. Sierra*, 254 P.3d 149, 153 (Or. 2010), *aff'd as modified*, 247 P.3d 759 (Or. 2011). This movement was not incidental to Gettling's other crimes because

Gettling moved and taped the victim *after* he beat and robbed him. *See id.* at 153–54.

Because Gettling cannot excuse his procedural default under *Schlup*, he also cannot prevail on his freestanding substantive claim of actual innocence. *See House v. Bell*, 547 U.S. 518, 555 (2006) (explaining that the "hypothetical" freestanding claim of actual innocence "requires more convincing proof of innocence than [a] *Schlup*" gateway claim).

Second, Gettling cannot excuse his procedural default under *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012), because he has not demonstrated that his post-conviction relief ("PCR") counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). *See Dickens v. Ryan*, 740 F.3d 1302, 1319 (9th Cir. 2014) (en banc) (explaining *Martinez*'s requirements). PCR counsel was not deficient for failing to include in the PCR petition the claim that Gettling is actually innocent. As we have explained, that argument is unavailing. Nor was PCR counsel deficient for failing to include in the PCR petition the claim that trial counsel was ineffective for advising Gettling to plead to a charge that Gettling believes could not be substantiated. Trial counsel did not know what Gettling's accomplice would say at trial and he did not have the benefit of the Oregon Supreme Court's subsequent clarification of the elements of kidnapping. In light of this uncertainty,

4

trial counsel made a reasonable judgment that Gettling should not risk incurring a sentencing penalty by going to trial. PCR counsel, in turn, competently declined to include this claim in the PCR petition. *Cf. Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) ("In many instances, appellate counsel will fail to raise an issue because she foresees little or no likelihood of success on that issue; indeed, the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy."). Even if PCR counsel's performance was deficient, Gettling cannot show that he suffered prejudice because there is no reasonable probability that he would have prevailed on such a weak claim had PCR counsel pressed it. *See Strickland*, 466 U.S. at 694.

**AFFIRMED.**