STIGLICH, J., concurring in part and dissenting in part:
I concur with the majority's adoption of a count-by-count method to determine whether a subsequent sentence is harsher than the sentence originally imposed. And therefore I agree with the majority that Bowser' second sentence "was more severe than his original sentence for due process purposes." Majority opinion ante at 543. However, I disagree with the majority's adoption of a bright line rule that a presumption of vindictiveness "does not apply where a different judge imposes a higher sentence after retrial than the first judge," Majority opinion ante at 544, and thus I respectfully dissent.
As noted by the majority, it is not the concern of an enhanced sentence on remand that requires the presumption of vindictiveness; it is the concern that a defendant will be punished for exercising the right to appeal or collateral review and that the fear of such punishment will deter defendants from lawfully attacking a conviction. See Alabama v. Smith , 490 U.S. 794, 798-99, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989) ; North Carolina v. Pearce , 395 U.S. 711, 724-25, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled in part by Smith , 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865. "[D]ue process ... requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." Pearce , 395 U.S. at 725, 89 S.Ct. 2072. Thus, the Supreme Court adopted a prophylactic rule for "whenever a judge imposes a more severe sentence upon a defendant after a new trial"-the sentencing judge must articulate the reasons for the higher sentence. Id. at 726, 89 S.Ct. 2072. Absent such articulation, a rebuttable presumption of vindictiveness applies. Smith , 490 U.S. at 798-99, 109 S.Ct. 2201.
While the Supreme Court has subsequently clarified that the presumption of vindictiveness will not apply in every case where a defendant receives a harsher sentence after retrial, see Majority opinion ante at 543-44, it also has not unequivocally decided whether the presumption should apply when two different judges in the same court issue the sentences, see Texas v. McCullough , 475 U.S. 134, 140 n.3, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986).[1] And I disagree with the majority that a different sentencing judge creates merely a "de minimis" likelihood of vindictiveness. Majority opinion ante at 544.
As the Supreme Court of Oregon noted, "[t]he fact that a different judge imposes an increased sentence does not eliminate [vindictiveness] concerns or the possibility that institutional prejudices might infect a trial judge's resentencing of a defendant after a successful appeal." State v. Sierra , 361 Or. 723, 399 P.3d 987, 1000 (Or. 2017) (internal quotation marks omitted). Indeed, the Supreme Court appears to have recognized the possibility of institutional concerns in Chaffin v. Stynchcombe , 412 U.S. 17, 27, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), when it remarked that a "jury is unlikely to be sensitive to the institutional interests that might occasion higher sentences by a judge desirous of discouraging what he regards as meritless appeals." While a jury is not likely to be sensitive to the institutional pressures of disincentivizing meritless appeals, "another judge operating within the same system as the original judge likely will have that knowledge and understandably could be sensitive to those interests." Sierra , 399 P.3d at 1000.
*546 With the possibility that institutional concerns might affect judges operating in the same court and with the underlying objective of Pearce being "to assure the absence of [vindictive sentencing] motivation," 395 U.S. at 726, 89 S.Ct. 2072, I cannot agree with the majority's bright line rule that the presence of a different judge eliminates the presumption of vindictiveness. I would instead adopt a rule that the presumption of vindictiveness is inapplicable where there are different sentencing judges only if the second sentencer states objective, nonvindictive reasons for imposing the greater sentence. This requirement has been adopted by a number of federal circuit courts and the Supreme Court of Oregon. See United States v. Rodriguez , 602 F.3d 346, 358-59 (5th Cir. 2010) (collecting cases); Sierra, 399 P.3d at 999-1000 ; cf. McCullough , 475 U.S. at 140, 106 S.Ct. 976 ("[T]he second sentencer provide [d] an on-the-record, wholly logical, nonvindictive reason for the sentence. We read Pearce to require no more[,] particularly since trial judges must be accorded broad discretion in sentencing.") Moreover, the added condition I would impose is consistent with our holding in Holbrook , which states that when a harsher sentence "is imposed after a new trial the reasons for doing so must affirmatively appear." Holbrook v. State , 90 Nev. 95, 98, 518 P.2d 1242, 1244 (1974).
Creating a record of a logical, nonvindictive reason for imposing a harsher sentence does not do violence to Holbrook , Pearce , or Pearce's progeny. Instead, it helps to ensure that a defendant is not punished at resentencing after exercising the right to appeal or collateral review, a goal squarely in line with the above-mentioned precedent. Accordingly, I would apply the presumption of vindictiveness to this matter, as the record contains no objective, nonvindictive justification for the harsher sentences, and modify the sentences for counts 4 and 6 to the terms originally imposed, pursuant to Holbrook,
Respectfully, I dissent.

The Honorable Elissa F. Cadish and the Honorable Abbi Silver, Justices, did not participate in the decision of this matter.

Even had the Supreme Court ruled on this issue, concluding that the presumption does not apply where there are two different sentencing judges within the same court, that fact would not preclude this court from concluding that the Nevada Constitution requires otherwise. See Wilson v. State , 123 Nev. 587, 595, 170 P.3d 975, 980 (2007) ("[S]tates are free to provide additional constitutional protections beyond those provided by the United States Constitution.").