676 August 28, 2024 No. 619

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JAMIR ELIJAH IBABAO,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
16CV32370; A180091

J. Burdette Pratt, Senior Judge.

Submitted August 1, 2024.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Kamins, Judge, and Balmer, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner, who was convicted of multiple robbery, burglary, and kidnapping offenses, appeals a judgment denying post-conviction relief. On appeal, he contends that the post-conviction court (PCR) erred because his trial counsel was constitutionally ineffective for failing to object to portions of victims' testimony and the trial court's nonunanimous verdict instruction. We affirm.

We review the PCR court's denial of relief for legal error and accept the court's implicit and explicit factual findings, provided that there is evidence to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). To be entitled to post-conviction relief under the state and federal constitutions, petitioner must demonstrate both that counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result. *See McMullin v. Amsberry*, 310 Or App 542, 551, 485 P3d 278 (2021) (explaining that the state and federal tests for reviewing inadequate/ineffective assistance of counsel claims are "functionally equivalent").

Petitioner was found guilty of robbery, burglary, and kidnapping after he and three accomplices, Sparks, Rose, and Lunetta, robbed and took a gun safe from a home. At the time of the robbery, four people were in the home. Sparks and Rose pleaded guilty and testified against petitioner and Lunetta. During the trial, two of the victims testified that they were grateful and appreciative for the codefendants' testimony; and all four victims testified to the hardships they suffered as a result of the robbery. Ultimately, a unanimous jury found petitioner guilty of robbery and burglary, and 11 of the 12 jurors found him guilty of kidnapping.

Petitioner's 2018 petition for PCR was denied. However, we remanded that decision after petitioner and the superintendent jointly moved to vacate the judgment to allow the PCR court to reconsider petitioner's motion to include claims under *Church v. Gladden,* 244 Or 308, 417 P2d 993 (1966). In petitioner's fourth amended petition and as relevant to this appeal, he argued before the PCR court that counsel exercising reasonable professional skill

and judgment would have objected to the victims' testimony about their gratitude to the two accomplices who pleaded guilty and the hardships the robbery caused and would also have objected to the nonunanimous verdict instruction. The PCR court denied all of petitioner's claims, and petitioner again appeals.

As to the assignments of error relating to the victims' testimony, petitioner contends that he suffered prejudice, because the testimony "could have led the jury to decide the case on an improper basis." We disagree. Even assuming that trial counsel was deficient for not objecting to the victims' testimony—an issue we do not reach—petitioner has not proved prejudice. In light of trial counsel's theory of the case—that petitioner was not one of the four masked robbers—the victims' testimony about the lasting emotional effects of the robbery or gratitude for the accomplices' testimony had little tendency to affect the verdict. Trial counsel's strategy focused on undermining the credibility of the accomplice-witnesses who placed petitioner in the home during the robbery by highlighting their inconsistent testimony. And trial counsel conceded that the home invasion did in fact happen and is "everyone's worst nightmare." Given those circumstances and the evidence presented to the jury, including that petitioner helped open the stolen gun safe, possessed a gun that was identified as the one used in the robbery, and made self-incriminating phone calls while in custody, we are unpersuaded that there is "more than [a] mere possibility" that counsel's failure to object to the victims' testimony caused petitioner prejudice. *Green*, 357 Or at 322.

Petitioner also argues that the "cumulative effect of the errors" prejudiced him. However, Oregon courts "have not recognized a cumulative error theory of relief" and, as explained, the errors petitioner identifies did not prejudice the outcome individually or when considered collectively. *Vega-Arrieta v. Blewett*, 331 Or App 416, 428, 545 P3d 746 (2024).

In his last assignment of error, petitioner contends that the PCR court erred in denying relief on petitioner's claim that his trial counsel was inadequate and ineffective

in not objecting to the nonunanimous verdict instruction. Petitioner was found guilty by a unanimous jury on his robbery and burglary charges, but he was found guilty of his kidnapping charge by an 11-1 verdict.[1] Petitioner's conviction occurred seven years before *Ramos v. Louisiana*, 590 US 83, 140 S Ct 1390, 206 L Ed 2d 583 (2020). Petitioner concedes that his argument is foreclosed by *Smith v. Kelly*, 318 Or App 567, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023); however, he contends that *Smith* was "incorrectly decided" and "raise[s] the argument in the case that the Oregon Supreme Court disagrees or resolves the issue differently." Because *Smith* remains controlling, trial counsel did not act unreasonably in not objecting to the trial court's instruction that a jury verdict need not be unanimous. *Perkins v. Fhuere*, 332 Or App 290, 301, 549 P3d 25 (2024).

Affirmed.

---

[1] We reversed petitioner's kidnapping conviction on direct appeal, because the record did "not contain sufficient evidence to establish the asportation element of kidnapping." *State v. Ibabao*, 270 Or App 508, 348 P3d 336 (2015).